704 July 22, 2026 No. 701

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF
THE STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LANCE BO NEWPORT,
aka Lance B. Newport,
*Defendant-Appellant.*

Coos County Circuit Court
24CR33336, 24CR43242; A186086 (Control), A186087

Martin E. Stone, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jose Garcia-Fuerte, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated appeal, defendant appeals judgments of conviction for a number of crimes, including menacing and unlawful use of a weapon.[1] Defendant contends that the trial court erred by denying his motion for a judgment of acquittal (MJOA) on the menacing and unlawful use of a weapon charges. As explained below, we affirm.

A person commits the crime of unlawful use of a weapon, as charged here, when the person "[a]ttempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015." ORS 166.220(1) (a). Under either the "use" or "possession" theories of that crime, the state must prove that the person used or possessed a weapon with the intent to inflict harm or injury or with the intent to threaten immediate harm or injury. *State v. Ziska / Garza*, 355 Or 799, 811, 334 P3d 964 (2014). "A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190(1). Defendant contends that the evidence was legally insufficient to prove that he used or possessed the weapon—an axe—with the intent to threaten harm and that the evidence was insufficient to show that he placed the victim in fear or imminent serious physical injury.

We examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). Applying that standard of review, we agree with the state that the evidence was legally sufficient to go to the factfinder. A rational factfinder could find on this record that defendant grabbed an axe, pounded on the victim's front door, and, when the victim refused to let him in, "pulled back on the axe" like he was "getting ready to chop a piece of wood." Defendant then went to the side of the victim's house and chopped holes

---

[1] Defendant does not challenge his other convictions in Case Number 24CR33336 or those in Case Number 24CR43242.

in it with the axe. Defendant returned to the front door and attempted to "hack off" the doorknob and deadbolt with the axe, all while yelling at the victim to let him in. The victim got a gun and loaded it because he believed that he was "going to have to defend" himself. That evidence is sufficient to allow the factfinder to find that defendant used or possessed the axe with the intent to inflict harm or injury or with the intent to threaten immediate harm or injury and that defendant intentionally attempted to place the victim in fear of imminent serious physical injury.[2]

Affirmed.

---

[2] Defendant also raised an assignment of error that the trial court erred in entering per diem fees in Case Number 24CR43242. Defendant then filed a notice of probable mootness with respect to that claim of error because the trial court entered an amended judgment striking the per diem fees. We appreciate that defendant alerted us of the amended judgment and agree that that assignment of error is moot.